UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCUS MABLE,

        Plaintiff,

v.

JAMAL QUERESHI,

        Defendant.

Civil No. 12-2895 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue a single Defendant named Jamal Quereshi. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "1. Defendant falsly [sic] accused me of miscommunication with other patient.
>
> 2. Defendant then punish me by placing [sic] me on telephone restriction.
>
> 3. Defendant then prescribed a medication and told me 'there is no side effects but the medication gave me diabetes."

(Complaint, [Docket No. 1], p. 4, § 7.)

Plaintiff alleges that federal subject matter jurisdiction exists in this case, because his claims are based on "First Amenment [sic] Freedom of Communication." (Id., p. 3, §§ 3-4.) Plaintiff is seeking a judgment against Defendant for "$300 a day for each day restriction was in place." (Id., p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, it appears that Plaintiff is trying to sue Defendant for allegedly violating Plaintiff's rights under the First Amendment to the Constitution. A person can seek relief for alleged violations of his federal constitutional rights by bringing an action under 42 U.S.C. § 1983. However, Plaintiff has not alleged sufficient facts to state an

actionable § 1983 claim against the named Defendant.

To state an actionable § 1983 claim, a complainant must allege a set of specific historical facts showing that the named defendant(s) violated the complainant's constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's current complaint fails to state an actionable § 1983 claim, because it does not show that the named Defendant is a state actor. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002).[1] Furthermore, even if Defendant is a state actor, the complaint does not adequately describe what Defendant actually did (or failed to do) that allegedly violated Plaintiff's constitutional rights. Plaintiff's vague allegation that Defendant falsely accused him of "miscommunication with other patient," and punished him by placing him on "telephone restriction" does not present enough facts to support a § 1983 claim against Defendant.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not alleged a clear and cogent set of facts, which if proven true, would show that Defendant violated Plaintiff's constitutional rights while Defendant was acting under color of state law. Therefore, Plaintiff has not pleaded an actionable § 1983 claim.

---

[1] A cover letter submitted with Plaintiff's complaint refers to Defendant as a "doctor," and the complaint itself indicates that both Plaintiff and Defendant reside at 3301 7th Avenue North, Anoka, Minnesota, which is the address of the Anoka-Metro Regional Treatment Center. This information suggests that Plaintiff might be a patient at the Anoka-Metro Regional Treatment Center, and Defendant might be a doctor who works at that facility. However, even if that surmise is accurate, it does not necessarily follow that Defendant is a state actor for § 1983 purposes.

Indeed, the current complaint does not present sufficient facts to support <u>any</u> claim for relief against Defendant that could be entertained in federal court.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: November 28, 2012       <u>s/ *Jeanne J. Graham*</u>
                               JEANNE J. GRAHAM
                               United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 13, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[2] The Court notes that Plaintiff's current IFP application could not be granted in any event, because it has not been signed by Plaintiff, as required by Fed. R. Civ. P. 11(a).

4